**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ROBERT JAMES HURLEY,

      Plaintiff,

vs.

                                                  No. CV 12-539 CG

CAROLYN W. COLVIN,[1]
Acting Commissioner of the
Social Security Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Robert James Hurley's *Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum* ("Motion"), filed on December 20, 2012, (Doc. 16); *Defendant's Response to Plaintiff's Motion to Reverse and/or Remand the Administrative Agency Decision* ("Response"), filed on February 26, 2013, (Doc. 17); and Plaintiff's *Reply to Defendant's Response to Plaintiff's Motion to Reverse and/or Remand the Administrative Agency Decision*, filed on March 12, 2013, (Doc. 18). The parties consented to have the undersigned Magistrate Judge conduct all proceedings and enter final judgment. (Docs. 4, 7).

Mr. Hurley applied for Disability Insurance Benefits and Supplemental Security Income on March 3, 2009, claiming a disability onset date of October 31, 2007. AR at 146, 148. After his applications were denied, he asked for a hearing before an

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted, therefore, for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Administrative Law Judge ("ALJ").  The hearing was held on April 20, 2011; on May 2, 2011, ALJ Ann Farris issued a written opinion determining that Mr. Hurley was not disabled.  AR at 14-22.  Mr. Hurley contends that the ALJ committed legal error by failing to include Mr. Hurley's complete residual functional capacity ("RFC") in the hypothetical question to the vocational expert ("VE"), that the ALJ's credibility finding is contrary to the evidence, and that the ALJ improperly failed to consider Mr. Hurley's receipt of General Assistance benefits.  (Doc. 16 at 8-15).  Defendant argues that the ALJ applied the correct legal standards and her decision is supported by substantial evidence.  (Doc. 17 at 5-12).

The Court has reviewed Plaintiff's Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record ("AR"). Because the ALJ failed to apply the correct legal standards in Mr. Hurley's case, pursuant to 42 U.S.C. § 405(g) (sentence four), the Court will **GRANT** Plaintiff's Motion and **REMAND** the case for further proceedings consistent with this Memorandum Opinion and Order.

**I.    Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied.  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).  If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v.*

*Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760.  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.  While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

**II.     Applicable Law and Sequential Evaluation Process**

For purposes of disability insurance benefits and supplemental security income, a person establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 42 U.S.C. 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  In light of this definition for disability, a five-

step sequential evaluation process ("SEP") has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity;" that (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) his impairments either meet or equal one of the "Listings"[2] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III.   Background

Mr. Hurley is a fifty-four year old man who has applied for disability insurance benefits and supplemental security income. AR at 146, 148. He alleges that he has been disabled since October 31, 2007, due to nerve and muscle damage in his neck and right arm from a motor vehicle accident, and residual pain and limitations from fractures in his neck, shoulder, ribs, and pelvis. (Doc. 16 at 2). In the past, Mr. Hurley worked been primarily in oil fields; he has a sixth grade education. (*Id.* at 2). Mr. Hurley broke his third and fourth discs, shoulder, ribs, pelvis, and right hip in a motor vehicle accident in 2000. Following his accident, Mr. Hurley did not have any physical therapy. AR at 18. At the time of the hearing, Mr. Hurley lived in a tent. AR at 18.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

Because of his financial situation, Mr. Hurley has not seen a doctor regularly.  AR at 40.  At the hearing, he testified about his daily activities and his physical limitations.  AR at 32-45.  The VE, Pamela Bowman, also testified.  AR at 45-47.  The VE explained that Mr. Hurley's past relevant worok was classified as very heavy work.  AR at 46.  The ALJ described a hypothetical individual who was the same age as Mr. Hurley, with the same education and work history, and who was limited to "light work and [could] only occasionally reach overhead and should avoid hazardous conditions."  AR at 46-47.  The VE testified that an individual with these characteristics could not perform Mr. Hurley's past relevant work.  AR at 46-47.  She also stated that an individual with those characteristics could work as a shipping and receiving weigher, as a bus person in fast food, and as an assembler.  AR at 47.  Mr. Hurley's representative did not ask the VE any questions.  AR at 47.

In her decision, the ALJ found that Mr. Hurley had not been engaged in any substantial gainful activity since the alleged disability onset date and that his severe impairments were: "history of cervical fusion; old sacral fracture; old rib fractures; lumbar degenerative disc disease; deformity of right clavicle."  AR at 16.  After finding that Mr. Hurley did not have a combination of impairments that meet one of the listed impairments in the Listings, she determined that he had the following RFC:

> [C]laimant has the residual functional capacity to perform less than a full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). He can lift/carry 20 pounds occasionally and 10 pounds frequently.  He can stand/walk at least 2 hours in an 8-hour workday with normal breaks. He can sit about 6 hours in an 8-hour workday with normal breaks. Additionally, he can only occasionally reach overhead; and he should avoid hazardous conditions and pulmonary irritants.

AR at 17.

To support her findings, the ALJ summarized Mr. Hurley's testimony and the medical records. AR at 17-20. She found that Mr. Hurley described daily activities that were not as limited as one would expect given his complaints. AR at 20. She also wrote that the State agency medical consultants had determined that Mr. Hurley could do medium work, but that she found that he had "less ability to perform lifting and carrying than previously determined" and could perform light work. AR at 20.

The ALJ found that Mr. Hurley could not perform his past relevant work. AR at 20. She then explained that she found the VE's hearing testimony consistent with the Dictionary of Occupational Titles. AR at 21. Based on the VE's testimony that Mr. Hurley could work as a shipping and receiving weigher, a bus person, or an assembler, the ALJ found that Mr. Hurley can perform other jobs that exist in the national economy and is not disabled. AR at 21-22.

**IV.  Analysis**

Mr. Hurley presents several objections to the ALJ's decision denying benefits. First, Mr. Hurley contends that the ALJ's RFC finding was incomplete. (Doc. 16 at 8-11). Second, he argues that the ALJ's credibility finding is contrary to the evidence and the law. (Doc. 16 at 12-14). Finally, Mr. Hurley asserts that the ALJ failed to discuss Mr. Hurley's receipt of General Assistance benefits, as she was required to do. (Doc. 16 at 15).

    a.  *The ALJ Erred in Formulating Mr. Hurley's RFC*

Mr. Hurley argues that the ALJ committed legal error by omitting a critical part of the RFC in the hypothetical question to the VE. (Doc. 16 at 8-11). He points out that the RFC in the ALJ's decision included a standing/walking limitation that was not

included in the hypothetical question to the VE at the hearing.  (Doc. 16 at 8-9).  Additionally, Mr. Hurley points out that the RFC is not clear and does not set forth Mr. Hurley's maximum ability to do work.  (Doc. 18 at 1).

A claimant's RFC is assessed by the ALJ at step four of the sequential evaluation process.  *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).  The RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."  SSR 96-8P.  After taking into account the claimant's physical and mental impairments, the ALJ will determine that the claimant can perform sedentary, light, medium, heavy, or very heavy work.  *Williams v. Bowen*, 844 F.2d 748, 751-52 (10th Cir. 1988).   The "RFC does not represent the *least* an individual can do despite his or her limitations or restrictions, but the *most*."  SSR 96-8P (emphasis in original); see also 20 C.F.R. § 404.1545(a)(1) ("Your residual functional capacity is the most you can still do despite your limitations.").

In her decision, the ALJ found that Mr. Hurley had the RFC to "perform less than a full range of light work . . . He can stand/walk at least 2 hours in an 8-hour workday with normal breaks.  He can sit about 6 hours in an 8-hour workday with normal breaks.  Additionally, he can only occasionally reach overhead. . . ."  AR at 17.  Mr. Hurley argues that in finding this RFC, the ALJ limits Mr. Hurley to standing/walking for only two hours in an eight hour workday.  (Doc. 16 at 8).  However, Defendant correctly points out that the ALJ found that Mr. Hurley had the RFC to stand/walk **at least** two hours in an eight hour day, which is not the same as a limitation of standing/walking for

**only** two hours in an eight hour day. (Doc. 17 at 6) (emphasis added). While Defendant is correct that the RFC does not actually limit Mr. Hurley to standing/walking for two hours in an eight hour day, the RFC is inherently ambiguous.

A job in the light work category typically requires standing or walking for approximately six hours in an eight hour workday. SSR 83-10. Although an individual who can stand or walk for at least two hours may be able to stand or walk for six hours, it is entirely possible that the individual can only stand or walk for three hours in an eight hour day. The Court finds that the ALJ erred in formulating Mr. Hurley's RFC in such a way that it does not describe the most he is capable of doing despite his limitations, as required by the regulations, but instead sets a minimum. *See* 20 C.F.R. § 404.1545(a)(1).

This error is not immaterial. Without a complete, unambiguous RFC, the Court is not able to review Mr. Hurley's arguments that the ALJ failed to provide a complete RFC to the VE. (Doc. 16 at 8-11). If the ALJ did intend to find that Mr. Hurley's RFC included a limitation of walking or standing for only two hours, Mr. Hurley's argument that she failed to provide a complete RFC to the VE may have merit. The transcript from the hearing reflects that the ALJ told the VE that Mr. Hurley could perform light work with a reaching limitation and an environmental limitation, but said nothing about Mr. Hurley's standing or walking capability. AR at 46-47. Based on that hypothetical, the VE testified that an individual with that RFC could perform jobs that involve light work,[3] and mentioned no accommodations or modifications for an individual with a standing or walking limitation. AR at 47; *see also Dictionary of Occupational Titles* (4th ed. 1991). The ALJ is required to relate all of a claimant's impairments to the VE at the

---

[3] One of these job, a bus person, is actually listed as involving medium work. (DOT Code 311.677-018).

8

hearing. *See Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991). If, as suggested in her opinion, the ALJ found that Mr. Hurley had limitations on his ability to stand or walk that deviated from those typically assumed of an individual capable of performing light work, she should have related those to the VE for consideration.

Elsewhere in her opinion, she discussed her opinion that Mr. Hurley's lifting and carrying abilities were somewhat limited, but did not preclude him from performing light work. AR at 20. The omission of any limitations in his ability to stand or walk in that same paragraph may suggest that the phrase "at least two hours" was simply a typographical error and the ALJ actually meant to say "at least six hours."

The Court is reluctant to draw any conclusions about the RFC that the ALJ intended. Therefore, the Court finds that the ALJ did not apply the correct legal standards in developing Mr. Hurley's RFC because she failed to formulate an RFC that describes the most he is capable of doing despite his limitations.

V. Conclusion

For the reasons discussed above, the Courts finds that the ALJ did not apply the correct legal standards when she determined Mr. Hurley's RFC. The Court does not address Mr. Hurley's arguments that the ALJ erred in her credibility determination or that the ALJ improperly failed to consider Mr. Hurley's receipt of General Assistance benefits because it found other errors in the RFC determination and at step four of the SEP.

**IT IS THEREFORE ORDERED** that Mr. Hurley's Motion to Remand or Reverse for a Rehearing, with Supporting Memorandum is **GRANTED** and that this case is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

_____
CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE